**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Guy Mason, | : | |
|     Plaintiff, | : | |
| | : | Case No. 2:14-cv-00446 |
| v. | : | |
| | : | Judge Algenon L. Marbley |
| Wal-Mart Corporation, etc., et al., | : | Magistrate Judge Kemp |
|     Defendants. | : | |

IT IS HEREBY STIPULATED, AGREED, AND ORDERED pursuant to Rule 26 and Rule 29 of the Federal Rules of Civil Procedure, that:

1. (a) This Confidentiality Stipulation and Protective Order ("Order") governs the handling of all documents, testimony, and other information including all copies, excerpts, and summaries thereof (collectively, the "Material"), produced, given, or filed during discovery or other proceedings in this action.

(b) The provisions of this Order shall apply to (i) the persons listed in paragraph 4 below and (ii) any other person producing or disclosing Material in this action who agrees to be bound by the terms of this Order.  As used herein, the term, "person," includes all persons described in the immediately preceding sentence of this Order.

2. Any person may designate as "Confidential" or "Attorneys' Eyes Only" any Material that it produces in the course of discovery proceedings herein when such person in good faith believes such Material contains trade secrets or sensitive personal, competitive, commercial, financial, or proprietary business information.  Material that is available to the public shall not be designated as "Confidential" or "Attorneys' Eyes Only."

3. Material designated as "Confidential" or "Attorneys' Eyes Only" shall be used only for the purpose of this action (including appeals) and not for any business or other purpose whatsoever and shall not be given, shown, made available, or communicated in any way to anyone except those identified in paragraphs 4 and 5 of this Order.

4. Material designated as "Confidential" may be disclosed (for the purpose set forth in paragraph 3 above) only to:

    (a) the parties to this action and/or employees of the parties who need access to the Material for the purpose articulated in paragraph 3 above;

    (b) counsel of record for the parties and employees of counsel of record;

    (c) the Court (including court reporters, stenographic reporters, and court personnel);

    (d) consultants and experts retained by the parties or counsel; and

    (e) any other person to whom the producing person agrees in writing.

5. Material designated as "Attorneys' Eyes Only" may not be disclosed to any party to this action, to any employee or representative of any party, or to any consultant or expert retained by the parties or counsel and may be disclosed (for the purpose set forth in paragraph 3 above) only to:

    (a) counsel of record for the parties and employees of counsel of record;

    (b) the Court (including court reporters, stenographic reporters, and

court personnel); and

      (c)    any other person to whom the producing person agrees in writing.

6.    Notwithstanding the provisions of paragraphs 4 and 5 of this Order, this Order has no effect upon, and its scope shall not extend to, any person's use of its own Material that it has designated as "Confidential" or "Attorneys' Eyes Only."

7.    (a)    All pleadings or other court filings that incorporate or disclose Material designated as "Confidential" or "Attorneys' Eyes Only" shall be labeled "Documents Subject to Protective Order" and filed under seal in accordance with the Court's rules and shall remain under seal until the Court orders otherwise.

      (b)    Any disclosure of Confidential Material or Attorneys' Eyes Only Material at trial or in any other court proceeding herein shall be made <u>in camera</u> unless the Court orders otherwise.

8.    Each person given access to Material designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Order (other than persons described in paragraphs 4(b), 4(c), 5(a), and 5(b) above) shall be advised that (a) the Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to the terms thereof; and (b) that a violation of the terms of this Order (by use of Confidential Material or Attorneys' Eyes Only Material for business purposes or in any other impermissible manner) may constitute contempt of a court order. Before any person other than persons described in paragraphs 4(b), 4(c), 5(a), and 5(b) above is given access to Confidential Material or Attorneys' Eyes Only Material, he or she must also execute the attached certificate.

9. Material shall be designated as follows:

(a) In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on the first page of any such document prior to production.

(b) In the case of interrogatory answers, designation shall be made by placing the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each page of any answer that contains Confidential Material or Attorneys' Eyes Only Material.

(c) Any party may, during the taking of a deposition, designate testimony as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."  If a deposition or portion thereof is designated during the deposition as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," the deposition or portion thereof shall continue in the absence of all persons to whom access to the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material is not permitted under this Order.  Further, any party may (no later than seventy-two (72) hours after receipt of a deposition transcript) designate by providing notice in writing to the other party all or any portion thereof as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under the terms of the Order.  Counsel and the parties shall treat the transcripts of any depositions taken in this matter as "ATTORNEYS' EYES ONLY" within the first seventy-two (72) hours after receipt of a transcript.  All copies of deposition transcripts that contain Confidential Material or Attorneys' Eyes Only Material shall be prominently so marked on the cover thereof and, if and when filed with the Clerk, shall be filed under seal.

(d) All briefs, pleadings, or other filings with the Court that incorporate or disclose Confidential Material or Attorneys' Eyes Only Material shall be appropriately labeled on the cover page and filed under seal.

10. (a) No party concedes that any Material designated by any other person as Confidential Material or Attorneys' Eyes Only Material does in fact constitute such Material or has been properly designated as such Material. Any party may at any time move for (i) modification of this Order or (ii) relief from the provisions of this Order with respect to specific Material. In addition, the parties may agree in writing or on the record in any deposition or in any hearing to necessary modifications of this Order.

(b) A party shall not be obligated to challenge the propriety of the designation of Material as "Confidential" or "Attorneys' Eyes Only" at the time made, and any failure to do so shall not preclude a subsequent challenge thereof. If a party challenges any such designation, it shall send or give notice to the designating person, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the designating person or the challenging party may apply for appropriate ruling(s) from the Court. The Material in issue shall continue to be treated as designated until the Court orders otherwise.

11. This Order, insofar as it restricts the communication and use of Confidential Material or Attorneys' Eyes Only Material, shall continue to be binding throughout and after the conclusion of this litigation including any appeals. At the conclusion of this action, including the running of any time to appeal or to move for relief under Rule 60(b) of the Federal Rules of Civil Procedure, all Confidential Material and

Attorneys' Eyes Only Material shall be returned promptly to the producing party or shall be destroyed, except that counsel for the parties need not return any such Material that became a part of the Court's record in this action (by use as a trial exhibit, inclusion in a court filing, or inclusion in the record on any appeal or otherwise).

APPROVED:

| | |
|---|---|
| */s/ Michael Garth Moore* <br> *per signature authority on 12/11/2014* <br> Michael Garth Moore <br> Law Offices of Michael Garth Moore <br> 341 South High Street, Suite 210 <br> Columbus, OH 43215 <br> 888-318-0075 <br> 888-318-0075 (fax) <br> mike@mgmoorelaw.com <br> *Counsel for Plaintiff Guy Mason* | */s/ Patrick Kasson* <br> Patrick Kasson, Esq. (0055570) <br> Reminger Co., L.P.A. <br> Capitol Square Building, <br> 65 E. State Street, 4TH Floor <br> Columbus, Ohio 43215 <br> Phone: (614) 228-1311 <br> Fax: (614) 232-2410 <br> pkasson@reminger.com <br> *Counsel for Defendant Wal-Mart Corporation* |
| */s/ Federico G. Barrera III per signature authority on December 12, 2014* <br> Federico G. Barrera III <br> Assistant Attorney General <br> Executive Agencies Section <br> 30 East Broad Street <br> 26th Floor <br> Columbus, Ohio 43215 <br> P: (614) 466-2980 <br> F: (614) 728-9470 <br> Rico.Barrera@OhioAttorneyGeneral.gov <br> *Co-Counsel for Defendant Mason Boyce* | */s/ Morgan Arnett Linn per signature authority on December 12, 2014* <br> Morgan Arnett Linn <br> Office of the Ohio Attorney General <br> Executive Agencies <br> 1970 W. Broad Street <br> 5th Floor <br> Columbus, OH 43223 <br> 614-752-4797 <br> 866-523-8132 (fax) <br> morgan.linn@ohioattorneygeneral.gov <br> *Counsel for Defendant Ohio State Highway Patrol and Mason Boyce* |

| | |
|---|---|
| */s/ Curtis Franklin Gantz per signature authority on December 12, 2014* | *Monica Waller per signature authority on December 12, 2014* |
| Curtis Franklin Gantz<br>Lane Alton & Horst<br>Two Miranova Place<br>Suite 500<br>Columbus, OH 43215-7052<br>614-228-6885<br>cgantz@lanealton.com<br>*Counsel for Defendant Sheriff Fred Abdella* | Monica L Waller<br>Lane Alton & Horst LLC<br>2 Miranova Place<br>Suite 500<br>Columbus, OH 43215<br>614-233-4744<br>614-228-0146 (fax)<br>mwaller@lanealton.com<br>*Counsel for Defendant Sheriff Fred Abdella and Deputy Sterling* |

**IT IS SO ORDERED,**

**/s/ Terence P. Kemp**  December 18, 2014
United States Magistrate Judge  Date

## CERTIFICATE

I certify my understanding that material designated as "Confidential" or "Attorneys' Eyes Only" is being disclosed to me pursuant to the terms and restrictions of a Confidentiality Stipulation and Protective Order (the "Order") in <u>Guy Mason v. Wal-Mart Stores Corporation, et al.</u>  Case Number 2:14-CV-00446 in the United States District Court for the Southern District of Ohio, and that I have been given a copy of and have read the Order and agree to be bound by it.  I understand that all material designated as "Confidential" or "Attorneys' Eyes Only" and copies of such material, including but not limited to any notes or other transcription made from such protected documents, shall be returned by me to counsel for the party providing them no later than thirty (30) days after the termination of this proceeding.

_____         _____
Date                                                                       Name

                                                                                    _____

                                                                                    _____
                                                                                    Address