**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **GUY MASON,** : | |
| : | **Case No. 2:14-cv-00446** |
| **Plaintiff,** : | |
| : | **JUDGE ALGENON L. MARBLEY** |
| **v.** : | |
| : | |
| **WAL-MART CORPORATION,** *et al.*, : | **Magistrate Judge Kemp** |
| : | |
| **Defendants.** : | |

**OPINION & ORDER**

**I.      INTRODUCTION**

This matter is before the Court on Defendant Mason Boyce's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P. 12(b)(6), and Qualified Immunity (hereinafter, "Motion to Dismiss"), (Doc. 12). Defendant Boyce moves this Court to dismiss Counts Five, Six, and Seven of the First Amended Complaint, (Doc. 2), for lack of subject matter jurisdiction. Defendant Boyce further moves the Court to dismiss that Counts Two and Four of the First Amended Complaint for failure to state a claim upon which relief can be granted, or, alternatively, on the grounds of qualified immunity. Plaintiff has withdrawn Counts Five, Six, and Seven as against Defendant Boyce. (Doc. 23 at 1). Thus, this Court will review only the parties' arguments related to Counts Two and Four. For the reasons set forth herein, Defendant Boyce's Motion to Dismiss Counts Two and Four of the First Amended Complaint is **GRANTED**.

**II.      BACKGROUND**

Plaintiff commenced this action on May 14, 2014. On May 16, 2014, Plaintiff filed his First Amended Complaint with the Court (Doc. 2). Plaintiff alleges that on May 23, 2013, he

was in the process of moving his residence. (*Id*., ¶ 10). That evening, Plaintiff was using his father's Jeep to transport items he had recently purchased and items he had been given by his parents. (*Id*., ¶ 11). At approximately 1:45 a.m., Plaintiff stopped at Defendant Wal-Mart's business, located at 100 Mall Drive in Steubenville, Ohio, to purchase a dogwood tree to match one he was given by his parents, which was in the Jeep at the time of his stop. (*Id*., ¶ 12). Plaintiff spent approximately 45 minutes looking at the plants in Wal-Mart's garden area outside of the building, but chose not to make any purchases. (*Id*., ¶¶ 13-14).

Plaintiff alleges that when he got back to his vehicle, he noticed a van next to the Jeep. (*Id*., ¶ 15). A man got out of the van, looked into the Jeep's windows, then returned to the van and the vehicle departed. (*Id*.). After Plaintiff observed this, he returned to his Jeep and left the Wal-Mart parking lot to travel to his home. (*Id*., ¶ 16).

At approximately 2:27 a.m., while Plaintiff was still at the store, Plaintiff alleges Defendant Wal-Mart's manager called the Steubenville Police Department and reported that Plaintiff was stealing flowers. (*Id*., ¶ 17). After leaving the store, Plaintiff was stopped near the intersection of Sinclair Road and Lover's Lane by Defendant Mason Boyce ("Boyce"), an Ohio State Highway Patrol Trooper, Defendant Deputy Sterling, and "another unidentified Jefferson County Deputy." (*Id*., ¶ 18). Plaintiff alleges that these officers had been alerted to the Wal-Mart manager's report by the Steubenville Police Department and "by the individual Steubenville Defendants." (*Id*.).

Plaintiff claims he was told falsely that he had been stopped because he failed to signal before a turn, and thereafter "was ordered out of the Jeep and detained by the officers." (*Id*., ¶ 19-20). Defendant Wal-Mart's manager then arrived at the scene, having been notified that Plaintiff was stopped by law enforcement, and demanded the Jeep be driven back to the store.

2

(*Id*., ¶ 21).  Next, Plaintiff alleges that "[d]espite Plaintiff's protestations that he had committed no crime, and that the officers had no warrant, Defendants entered the Jeep and searched the vehicle."  (*Id*., ¶ 22).

Following the search, Plaintiff claims the Jeep was driven back to the Wal-Mart store by one of the officers present "where, with the acquiescence of the Defendant officers, the [Wal-Mart] manager removed some of the contents of the Jeep and took them into the store."  (*Id*., ¶ 23).  According to Plaintiff, the Wal-Mart manager then directed "the officers" to remove the remaining property from the Jeep, and "the officers" complied.  (*Id*.).  Plaintiff claims that the property, including, among other things, a lawn mower and trimmer Plaintiff purchased from Kmart in Weirton, West Virginia, "was kept by Wal-Mart with the approval and ratification of the Defendant officers."  (*Id*.).  Plaintiff alleges that he was held in Defendant Sloane's cruiser during the alleged search and removal of his property.  (*Id*., ¶ 24).

Plaintiff asserts that he was "repeatedly interrogated" over a period of an hour by "the individual governmental Defendants" while they searched his Jeep and removed his property.  During that time, Plaintiff alleges that he was in custody and "was not notified by any Defendants of his rights under the Constitution."  (*Id*., ¶ 26).  Plaintiff also maintains that he was called a homophobic slur on at least two occasions and that, just prior to placing Plaintiff in handcuffs and informing him of his Constitutional rights, Defendant Boyce asked Plaintiff if he was "HIV positive."  (*Id*., ¶¶ 27-28).

Plaintiff ultimately was charged with the felony offense of receiving stolen property under Ohio Revised Code 2913.51(A).  (*Id*., ¶ 31).  He claims he was incarcerated for eleven days before being released on bail.  (*Id*., ¶ 31).  Plaintiff was arraigned and pleaded not guilty to

3

the charge on May 24, 2013. (*Id.*, ¶ 32). On August 7, 2013, the Jefferson County Grand Jury declined to indict Plaintiff on the charge. (*Id.*, ¶ 34).

Plaintiff claims that "[b]etween May 24, 2013 and August 7, 2013, agents of the City, including the named Defendants, released Plaintiff's property" to Wal-Mart Corporation, Kmart Holding Corporation, Family Dollar Stores of Ohio, Inc., Big Lots Stores, Inc., Lowe's Companies, Inc., and Dollar General Stores, Inc. (defined by Plaintiff as "the non-governmental Defendants"). (*Id.*, ¶ 35).

On May 14, 2014, Plaintiff filed a complaint in this Court. He filed his First Amended Complaint on May 16, 2014 against the following Defendants: Wal-Mart Corporation; Kmart Holding Corporation; Family Dollar Stores of Ohio, Inc.; Lowe's Companies, Inc.; Big Lots Stores Inc.; Dollar General Stores, Inc.; the City of Steubenville, Ohio; three individual Steubenville police officers (J. Sloane, Officer Holzworth, Officer Palmer), Sheriff Deputy Sterling, the Jefferson County Sheriff Fred Abdella, and Ohio State Trooper Mason Boyce. (Doc. 2 at 1-3). As of the date of this Opinion and Order, the only Defendants remaining in the action are Wal-Mart Corporation, Sheriff Deputy Sterling, Sheriff Abdella, and Trooper Boyce.

Of the eight claims Plaintiff asserts in his First Amended Complaint, at issue in the present matter are two claims Plaintiff brings pursuant to 42 U.S.C. § 1983 against Defendant Trooper Boyce in his individual capacity alleging violations of Plaintiff's constitutional rights. First, in Claim Two, Plaintiff brings a claim of unconstitutional search and seizure. Plaintiff argues that "Defendants'" warrantless search and seizure of Plaintiff's Jeep was not justified by exigent circumstances, probable cause, or any other ground. (Doc. 2, ¶¶ 42-47). Thus, Plaintiff claims, Defendants violated his right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments. (*Id.*, ¶¶ 44-45).

4

Second, in Claim Four, Plaintiff brings a claim for deprivation without due process of law.  (*Id.*, ¶¶ 53-58).  Plaintiff argues that the interrogation to which he was subjected while in custody violated his right to due process of law under the Fifth and Fourteenth Amendments.  (*Id.*, ¶¶ 55-56).  In addition, Plaintiff claims that the delivery of his personal property to "the non-governmental Defendants" and the continued deprivation of his property violated his right to due process under the under the Fifth and Fourteenth Amendments.  (*Id.*, ¶ 57).

Plaintiff maintains that he has suffered, and continues to suffer from, extreme emotional distress and humiliation, has been deprived of his property, and has incurred expenses "as a direct and proximate result" of Defendants' unreasonable search and seizure (Claim Two/Count II) and of Defendants' deprivation of due process of law.  (*Id.*, ¶ 47, 58).

On July 7, 2014, Defendant Mason Boyce filed his Motion to Dismiss for lack of subject matter jurisdiction, failure to state a claim, and on the grounds of qualified immunity.  (Doc. 12 at 1).  This matter has been fully briefed and is ripe for review.

### III.    STANDARD OF REVIEW

#### A.    Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) allows for a case to be dismissed for "failure to state a claim upon which relief can be granted."  Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations."  *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005).  Thus, the Court must construe the complaint in the light most favorable to the non-moving party.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).  The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  Although liberal, Rule 12(b)(6) requires more than

5

bare assertions of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But the complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Likewise, a plaintiff is required to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570

A claim succeeds in being "plausible on its face," *id.* at 570, when it contains sufficient factual content to "allow the court to draw reasonable the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This is, the Court has made clear, "not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* It is not enough that a complaint "tender[] 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Threadbare "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

### B. Qualified Immunity

The doctrine of qualified immunity shields government officials performing discretionary functions from civil liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

*Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *see also Phillips v. Roane Cnty., Tenn.*, 534 F.3d 531, 538-39 (6th Cir. 2008).

To determine whether qualified immunity applies, courts should make two key findings: (i) whether the facts plaintiff alleges make out a violation of a constitutional right; and (ii) whether the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (citing *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). Generally, however, dismissals on the basis of qualified immunity are "made pursuant [to] summary judgment motions, not 12(b)(6) sufficiency of pleadings motions." *Grose v. Caruso*, 284 Fed.Appx. 279, 283 (6th Cir. 2008) (citations omitted). Nonetheless, "this circuit permits a reviewing court to dismiss under Fed.R.Civ.P. 12(b)(6) based on qualified immunity." *Jackson v. Schultz*, 429 F.3d 586, 589 (6th Cir. 2005) (citing *Dominque v. Telb*, 831 F.2d 673, 677 (6th Cir.1987)); *see also Shoup v. Doyle*, 974 F. Supp. 2d 1058, 1071-72 (S.D. Ohio 2013).

### IV. ANALYSIS

Under 42 U.S.C. § 1983, state actors are prohibited from violating the civil rights of others. The statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed in his favor, demonstrate the deprivation of a right secured by the Constitution or laws of the United States caused by a person acting under the color of state law. *Green v. Throckmorton*, 681 F.3d 853, 859–60 (6th Cir. 2012); *Sigley v. City of Parma Heights,* 437 F.3d 527, 533 (6th Cir. 2006) (citing *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988)); *Stanley v. City of Norton*, 124 F. App'x 305, 309 (6th Cir. 2005) (citing *Paul v. Davis*, 424 U.S. 693, 696–97, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976)). "Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law." *Rowe v. State of Tenn.*, 609 F.2d 259, 262 (6th Cir. 1979); *see also Fannon v. Patterson*, No. 3:13-CV-14, 2014 WL 4273337, at *3 (S.D. Ohio Aug. 29, 2014). Morever, to state a cognizable §1983 claim, "the plaintiff must allege some personal involvement by the each of the named defendants." *Bennett v. Schroeder*, 99 F. App'x 707, 712-13 (6th Cir. 2004) (citing *Salehphour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998), *cert. denied*, 526 U.S. 1115, 119 S.Ct. 1763, 143 L.Ed.2d 793 (1999)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (personal involvement by the defendant is an essential element in a §1983 cause of action asserting a constitutional deprivation).

Defendant argues that Plaintiff's claims against him should be dismissed because his claims fail as a matter of law and because the doctrine of qualified immunity applies. In this context, two issues arise. The first issue, as explained by Judge Rice in *Shoup v. Doyle*, "is whether [Plaintiff] has stated viable claims, which the Court may answer by applying the familiar 12(b)(6) standards of construing her Amended Complaint in a light favorable to him], assuming the truth of all facts therein, and drawing any reasonable inferences in her favor." 974 F.Supp.2d 1058, 1071-1072 (S.D. Ohio 2013) (citing *Handy–Clay*, 695 F.3d at 538.

Importantly, however, "[q]ualified immunity is an affirmative defense, and a plaintiff does not need to anticipate it to state a claim." *Jackson v. Schultz*, 429 F.3d 586, 589 (6th Cir. 2005). Otherwise stated, there is no heightened pleading standard for §1983 claims. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166–67, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (rejecting heightened pleading standards for Section 1983 claims). Indeed, *Iqbal* dealt with a *Bivens* action, considered the "federal [actor] analog" to a Section 1983 action, and located the "plausibility" requirement within the scope of Rule 8's pleading requirements and the sufficiency of the plaintiff's allegations were tested accordingly. *See* 556 U.S. 662, 675, 129 S.Ct. 1937 (*citing Hartman v. Moore*, 547 U.S. 250, 254 n. 2, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006)); *see also Shoup*, 974 F.Supp.2d at1072. Therefore, "liberal notice pleading standards" still apply, and Plaintiff also is required to meet the "plausibility gloss" on the pleading standard described by the Supreme Court in *Twombly* and *Iqbal*. *See supra* Section III; *see also Shoup*, 974 F.Supp.2d at 1072. Defendant still must demonstrate that Plaintiff has failed to allege facts that plausibly suggest that she was deprived of a federally protected right, privilege or immunity by actions taken by Defendant under color of state law. *See* 42 U.S.C. § 1983.

The second issue stems from Defendant's qualified immunity challenge, which imposes on Plaintiff a burden beyond merely stating a viable §1983 claim. The doctrine of qualified immunity shields government officials performing discretionary functions unless their conduct violates a clearly established constitutional right. *See supra* Section III. Therefore, even if Plaintiff states a viable §1983 claim, in order to survive Defendant's qualified immunity claim at the dismissal stage, he must also show that the constitutional rights at issue were "clearly established." *See Jackson*, 429 F.3d at 589

(citing *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) and stating that "once the [defendants] raise qualified immunity, [plaintiff] must plead the violation of a clearly established constitutional right")).  In essence, as stated by the Supreme Court in *Pearson v.Callahan*, 555 U.S. 223, 232 (2009), in a §1983 claim where the defendant raised the qualified immunity defense, the Rule 12(b)(6) analysis is collapsed into the first step of a qualified immunity inquiry: both ask "whether the facts that a plaintiff has alleged (see Fed. Rules Civ. Proc. 12(b)(6), (c)) or shown (see Rules 50, 56) make out a violation of a constitutional right."  555 U.S. at 232, 129 S.Ct. 808 (recognizing that while courts should be permitted to use discretion in deciding which two prongs of the qualified immunity analysis should be addressed first, "it is often beneficial" to perform the analysis in the order previously required under *Saucier v. Katz*, 533 U.S. 194 (2001)).

For these reasons, the Court first will analyze Plaintiff's claims by examining whether the facts, viewed in the light most favorable to Plaintiff, are sufficient to state a claim for a violation of a particular constitutional right under Rule 12(b)(6).  If Plaintiff has sufficiently alleged a violation of a constitutional right, the Court will then determine whether the right at issue was clearly established at the time of the alleged violation, to determine whether qualified immunity applies to bar his claims.

### A. Claim Two: Unreasonable Search and Seizure
#### 1. Sufficiency of Pleadings

In Claim Two, Plaintiff argues that "Defendants'" warrantless search and seizure of Plaintiff's Jeep was not justified by exigent circumstances, probable cause, or any other basis. (Doc. 2, ¶¶ 42-47).  Thus, Plaintiff claims, Defendants violated his right to be free from

unreasonable searches and seizures under the Fourth and Fourteenth Amendments. (*Id.*, ¶¶ 44-45).

Defendant Boyce argues that Claim Two should be dismissed because Plaintiff fails to state a claim upon which relief can be granted. (Doc. 12 at 7). Specifically, Defendant insists that Plaintiff has failed to allege that Defendant Boyce violated his rights under the Fourth, Fifth, and Fourteenth Amendments because he has not plead facts alleging that Defendant Boyce committed a search of Plaintiff's vehicle without probable cause. (*Id.* at 7, 9). According to Defendant, "Plaintiff's complaint makes broad, generic allegations against all Defendants or against all government Defendants, but has not pointed to any specific conduct of Trooper Boyce." (*Id.* at 9). Plaintiff responds that his complaint puts Defendant Boyce "clearly on notice that he is accused of seizing and searching [his] Jeep in violation of the Fourth Amendment" because his Complaint alleges Defendant Boyce lacked probable cause to stop Plaintiff or to believe Plaintiff committed a crime. (Doc. 23 at 7).

Plaintiff directly refers to Defendant Boyce only twice in the First Amended Complaint. He avers that Defendant Boyce was one of the officers who stopped him in his Jeep after he left Wal-Mart, (*see* Doc. 2, ¶ 18). Plaintiff also alleges that after his Jeep was searched and he had been interrogated for at least an hour, Defendant Boyce asked him if he was "HIV positive" before formally arresting Plaintiff and informing him of his constitutional rights. (*Id.*, ¶¶ 27-28). In the "Facts" statement of Plaintiff's First Amended Complaint, when referring to who conducted the search of his Jeep, Plaintiff only references "the officers" and "the Defendants." Likewise, Plaintiff indicates that he was interrogated by "the individual government Defendants" as they searched and removed items from his Jeep. In setting forth Claim Two, Plaintiff states

11

that "Defendants'" conducted a warrantless search and "Defendants" knew the accusations that Plaintiff stole property were unfounded. (*Id.*, ¶¶ 44-45).

The Court need not determine yet whether Plaintiff's complaint adequately alleges a constitutional violation, *see supra* Section IV, because Plaintiff's complaint suffers from a more basic problem: it does not identify sufficiently the involvement of Defendant Boyce in the alleged constitutional violations. Because the First Amended Complaint was brought against thirteen defendants, including six members of law enforcement, in various capacities, general references to "defendants," "officers" or "individual government defendants" – particularly where those terms are not defined within Plaintiff's complaint – do not allow the Court to infer the specific actions in which Plaintiff alleges Defendant Boyce participated. Although Plaintiff asserts in his Memorandum in Opposition brief that Defendant Boyce lacked probable cause to search Plaintiff's Jeep, (Doc. 23 at 6-7), that Defendant Boyce was one of "the officers" who actually searched the Jeep (*id.* at 7), and that Defendant Boyce, "with the participation of the other Defendants," confiscated Plaintiff's property, (*id.* at 8), these specific allegations are precisely what are missing from the First Amended Complaint.

Plaintiff's Complaint must give fair notice to Defendant concerning the claims for which Plaintiff alleges Defendant is liable. *See, e.g.*, *Banks v. Bosch Rexroth Corp.*, No. CIV.A. 5:12-345-DCR, 2014 WL 868118, at *5 (E.D. Ky. Mar. 5, 2014); *McGlone v. Ohio Dep't of Rehab. & Correction*, No. 2:13-CV-0347, 2013 WL 3394676, at *1 (S.D. Ohio July 8, 2013) *report and recommendation adopted sub nom. McGlone v. Ross Corr. Inst.*, No. 2:13-CV-0347, 2013 WL 4039036 (S.D. Ohio Aug. 7, 2013)). The allegations contained within the Complaint must be sufficiently clear to allow this Court to infer the specific actions in which Plaintiff alleges

12

Defendant Boyce participated, the factual allegations supporting the claims, and the counts under which Plaintiff seeks to charge Defendant Boyce.

To be sure, this Court is not ratcheting up the pleading standard for a §1983 claim. Indeed, any such heightened pleading standard requiring "particularly" for §1983 claims would be inappropriate, *see Leatherman*, 507 U.S. 163, 166–67; see also Shoup, 974 F. Supp. 2d 1058, 1071-72 (S.D. Ohio 2013). This recognition is important because this Court is aware of the importance of vigilance among the judiciary in guarding against jurisprudential creep. *See Krause v. Jones*, 765 F.3d 675, 684 (6th Cir. 2014) (Marbley, J., concurring). Indeed, the courts are charged with a duty "to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon." *Boyd v. United States*, 116 U.S. 616, 635 (1886).

In this case, while Plaintiff is not required to fulfill a heightened pleading standard, under the facts present here, including the number of Defendants, and Plaintiff's general descriptions of the conduct in which Defendant Boyce participated, Plaintiff's pleadings require additional clarity in order to state a plausible claim against Defendant Boyce.

For these reasons, Defendant Boyce's Motion to Dismiss Claim Two of Plaintiff's First Amended Complaint is **GRANTED**.[1]

### B. Claim Four: Deprivation Without Due Process of Law
#### 1. Sufficiency of Pleadings

In Claim Four, Plaintiff brings a claim for deprivation without due process of law. (*Id*., ¶¶ 53-58). Plaintiff argues that the interrogation to which he was subjected while in custody violated his right to due process of law under the Fifth and Fourteenth Amendments. (*Id*., ¶¶ 55-56). In addition, Plaintiff claims that the delivery of his personal property to "the non-

---

[1] Because this Court finds that, under Rule 12(b)(6), Claim Four fail to sufficiently plead a viable §1983 claim on other grounds, the Court need not conduct an inquiry into whether the law is "clearly established," the second prong of the qualified immunity analysis.

13

governmental Defendants" and the continued deprivation of his property violated his right to due process under the under the Fifth and Fourteenth Amendments. (*Id.*, ¶ 57). Defendant Boyce argues that Claim Four of Plaintiff's complaint fails to state a claim for violations of Plaintiff's due process rights. (Doc. 12 at 10).

a. Failure to Give Miranda Warnings

Defendant treats Plaintiff's allegation that he was interrogated in violation of the Fifth and Fourteenth Amendments as a substantive due process claim based on the failure of the officer to give Plaintiff *Miranda* warnings prior to the alleged interrogation. (Doc. 12 at 10). Defendant argues that Plaintiff's claim fails because the lack of *Miranda* warnings is not "conscious [sic] shocking" and no other specific facts alleging Defendant Boyce violated Plaintiff's substantive due process rights are alleged. (*Id.* citing *U.S. v. Salerno*, 481 U.S. 739, 746 (1987)). While Defendant is correct that certain kinds of substantive due process claims require analyzing whether the conduct complained of "shocks the conscience of the court," *see, e.g.*, *Mertik v. Blalock*, 983 F.2d 1353, 1367-68 (6th Cir. 1993), such an analysis is not necessary here because the Supreme Court has foreclosed Plaintiff's claim.

In *Chavez v. Martinez,* 538 U.S. 760 (2003), the Supreme Court held that a plaintiff cannot state a cause of action under §1983 based solely on the failure of an officer to give *Miranda* warnings. *Chavez*, 538 U.S. at 772-773 (holding that a sergeant's alleged coercive questioning of a suspect prior to reading the suspect his *Miranda* rights did not violate the Fifth Amendment, absent the use of the compelled statements in a case against him, and thus was not grounds for a §1983 action) (plurality opinion). The proper remedy for a *Miranda* violation is the exclusion of evidence in a criminal proceeding. *Id.*; *see also Cockshutt v. Ohio*, No. 2:12-CV-532, 2013 WL 2417968, at *3 (S.D. Ohio June 3, 2013); *McKinley v. City of Mansfield*, 404 F.3d 418, 432 (6th Cir. 2005). Thus, regardless of whether *Miranda* warnings were required

when Plaintiff was interrogated, he cannot state a civil damages claim under §1983 this basis. Thus, Plaintiff fails to state a cognizable §1983 claim based on the basis that he was not given his *Miranda* warnings prior to being questioned by law enforcement.

b. Procedural Due Process

Defendant addresses Plaintiff's allegation that his personal property was taken from him and delivered improperly to "the non-governmental defendants" as procedural due process claim. (Doc. 12 at 11). Defendant argues that Plaintiff's claim fails because Plaintiff is required to plead and prove the inadequacy of state procedures to reclaim his personal property in order to make out a claim for a procedural due process violation, which Plaintiff has failed to do here. (*Id*. at 11). This Court agrees.

Under the Fourteenth Amendment, a state may not "deprive any person of life, liberty, or property, without due process of law." U.S. Cont. amend. XIV. To state a claim for a due process violation, a plaintiff must have a liberty or property interest entitled to due process protection. *Mitchell v. Fankhauser,* 375 F.3d 477, 480 (6th Cir. 2004). Once a plaintiff's interest is established, the Court determines what process is due. (*Id*.). In general, there are two ways in which to plead a procedural due process claim: (1) the deprivation of property as a result of an established state procedure that violates due process; or (2) the deprivation of property pursuant to "a random and unauthorized act." *Maddox v. City of Shaker Heights,* No. 1:12–cv–1828, 2012 WL 5878088, at *7 (N.D.Ohio Nov. 20, 2012). The deprivation of property pursuant to a random and unauthorized act does not violate plaintiff's constitutional right to procedural due process if the state provides satisfactory procedures. *Id*.; *see also Vicory v. Walton*, 721 F.2d 1062, 1063-64 (6th Cir. 1983) (noting that allowing plaintiffs to invoke §1983 without showing that state remedies are inadequate "would make of the fourteenth amendment a font of tort law to

15

be superimposed upon whatever systems may already be administered by the States.") (internal citations omitted).

Thus, §1983 relief is available only where Plaintiff pleads and proves "the inadequacy of state or administrative processes and remedies to redress alleged due process violations." *Rodgers v. 36th Dist. Ct.,* 529 F. App'x 642, 649–50 (6th Cir.2013); *see also Vicory*, 721 F.2d at 1063 ("[I]n section 1983 damage suits for deprivation of property without procedural due process the plaintiff has the burden of pleading and proving the inadequacy of state processes, including state damage remedies to redress the claimed wrong."); *Jefferson v. Jefferson Cnty. Pub. Sch. Sys.,* 360 F.3d 583, 585 (6th Cir. 2004) (upholding the district court's decision that the plaintiff's procedural due process claim based on the deprivation of a property interest in her job, where she was suspended and then fired after allegations of improper conduct with students, failed where she did not show that state remedies were inadequate or incapable of remedying the wrongs she alleged). As the Sixth Circuit stated in *Jefferson*, "[s]uch a showing of defective state remedies is required in procedural due process cases like this one." *Jefferson*, 360 F.3d at 585.

In this case, Plaintiff does not appear to challenge an established state procedure, statute or local ordinance; he seems assert that he was deprived of personal property due to unauthorized acts. A remedy for the deprivation of personal property is available in the Ohio Court of Claims. *See Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989). Yet, Plaintiff's First Amended Complaint does not allege that this or any other state remedy is inadequate. Therefore, Plaintiff has not met his pleading burden and therefore cannot proceed with a claim for denial of procedural due process." *See Rowser v. Ohio*, No. 5:12CV0610, 2013 WL 123784, at *12-13 (N.D. Ohio Jan. 9, 2013), *aff'd* (Dec. 4, 2013)*, motion for relief from judgment denied,* No. 5:12CV0610, 2014 WL 4245948 (N.D. Ohio Aug. 26, 2014).

For these reasons, Defendant Boyce's Motion to Dismiss Claim Four of Plaintiff's First Amended Complaint is **GRANTED**.[2]

### C. Leave to Amend

Courts have discretion to determine whether to dismiss a complaint or to grant plaintiff the opportunity to amend. *See U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 342 F.3d 634, 644 (6th Cir. 2003). In cases "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Id*. (citing *EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir.1993)). This Court's decision does not weigh on the merits of Plaintiff's claims against Defendant Boyce; indeed, Plaintiff's Response brief indicates that he can plead with specificity Defendant Boyce's involvement in the constitutional violations alleged in Plaintiff's First Amended Complaint.

Accordingly, the Court **GRANTS** Plaintiff leave to file a second amended complaint consistent with the foregoing within **FOURTEEN DAYS** from the entry of this Order on the Court's docket. If no second amended complaint is filed within fourteen days, the Court will deem Claims Two and Four of Plaintiff's First Amended Complaint dismissed with prejudice as against Defendant Boyce.

### V. CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 12), and *sua sponte* **GRANTS** Plaintiff Mason leave to amend his complaint consistent with the foregoing.

In addition, currently pending before this Court is Defendant Lowe's Companies Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6)

---

[2] Because this Court finds that, under Rule 12(b)(6), Claim Four fail to sufficiently plead a viable §1983 claim on other grounds, , the Court need not conduct a full qualified immunity analysis.

(Doc. 27).  On November 10, 2014, Plaintiff and Lowe's Companies Inc.'s entered a joint stipulation of dismissal whereby Plaintiff dismissed all claims against Lowe's Companies Inc. with prejudice.  (Doc. 44).  As a result of the joint stipulation of dismissal, Defendant Lowe's Companies Inc.'s motion (Doc. 27) is **MOOT**.

    **IT IS SO ORDERED.**

                                              **s/Algenon L. Marbley**
                                              **ALGENON L. MARBLEY**
                                              **UNITED STATES DISTRICT JUDGE**

**Dated: March 16, 2015**