IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Guy Mason,                          :

      Plaintiff,              :

      v.                      :      Case No.  2:14-cv-446

Wal-Mart Corporation, et al., :      JUDGE ALGENON L. MARBLEY
                                     Magistrate Judge Kemp
      Defendants.             :

<u>ORDER</u>

Plaintiff Guy Mason filed this civil rights action after he was stopped and arrested after leaving a Wal-Mart located in Steubenville, Ohio.  According to the complaint, Mr. Mason was taken back to the store, accused of theft, had his property taken from his vehicle, and was then transported to the Steubenville Police Department where he was formally charged with petty theft. The charge was later amended to receiving stolen property and Mr. Mason was held in the Jefferson County Jail for eleven days before obtaining his release on bond.  Ultimately, the Jefferson County grand jury refused to indict him.  By then, much, if not all, of the seized property had been disposed of.

On July 14, 2015, Defendant Wal-Mart Corporation filed a motion to compel.  In its motion, Wal-Mart seeks an order "compelling Plaintiff Guy Mason to sign and execute a medical authorization, authorizing disclosure of his mental health records and Social Security Disability records." (Doc. 64, at 1).  It also requests that Mr. Mason's deposition be reopened so that he can be asked additional questions about his mental health treatment.  Mr. Mason filed his opposing memorandum on August 4, 2015.  No reply has been filed.  For the following reasons, the Court will deny the motion to compel.

I.  <u>Background</u>

The Court first sets out the factual background provided in Wal-Mart's motion. Wal-Mart notes that in his deposition, Mr. Mason testified (at least early on) to severe and ongoing mental and emotional distress arising out of the incident in question, claiming that he was still upset about the incident, thought about it every day, and that it affected him "tremendously." However, he subsequently refused to testify about or provide treatment records concerning his mental health. This, Wal-Mart argues, is inconsistent with the rule that by testifying to emotional distress which is more extensive than "short-term negative emotions," Doc. 64, at 4, a plaintiff waives any physician-patient privilege concerning his treatment. Wal-Mart bolsters its argument by noting that in his second amended complaint, Mr. Mason alleges that he suffered extreme emotional distress and humiliation. Recognizing that, later in the same deposition, Mr. Mason gave conflicting testimony (at pages 188 and 189 of his deposition, Mr. Mason said that he had not sought treatment, counseling, or therapy as a result of the incident, nor was he asserting any permanent injury as a result of what happened), Wal-Mart claims that it should also be able to see the records in order to test his credibility.

From Mr. Mason's perspective, the issue is a simple one. He represents in his memorandum that he "will not be offering evidence of any on-going mental or emotional distress" and will so stipulate. Based on this Court's decision in Langenfeld v. Armstrong World Industries, 299 F.R.D. 547 (S.D. Ohio 2014), he argues that because he has agreed to limit his damages claim to only short-term negative emotional distress, he has not waived the physician-patient privilege, and his medical records about mental health treatment are therefore not discoverable.

## II. Discussion

In both Langenfeld, supra, and Jones-McNamara v. Holzer

-2-

Health Systems, Inc., 2015 WL 196415 (S.D. Ohio Jan. 15, 2015),
Judge Frost explained that there is a distinction between a
plaintiff who claims only "garden-variety" emotional distress
from a violation of the plaintiff's legal rights, and a plaintiff
who asserts a more serious emotional condition.  In both cases,
he allowed discovery of the plaintiff's medical records because,
as expressed in Jones-McNamara, a plaintiff cannot both testify
to a specific emotional or psychiatric condition which was
treated by a doctor and then claim that he or she suffered only
"garden-variety" emotional distress.  On the other hand, as this
Court stated in Kennedy v. Cingular Wireless, LLC,
2007 WL 2407044, *3 (S.D. Ohio Aug. 20, 2007), if a plaintiff
agrees "to limit his testimony at trial on this issue to the fact
that he felt embarrassed or humiliated by [the violation of his
legal rights] and he was willing to stipulate that such
embarrassment or humiliation did not continue for any significant
period of time beyond the date of termination or cause him any
type of emotional distress thereafter," treatment records are
likely to be irrelevant and a waiver would not have occurred.

    This approach is fully consistent with the decision of the
Second Circuit Court of Appeals in In re Sims, 534 F.3d 117 (2d
Cir. 2008).  There, the Court of Appeals endorsed the proposition
that "a plaintiff in a civil case[] was entitled not to pursue a
claim he had asserted" and reversed an order compelling
disclosure of otherwise confidential medical records where the
plaintiff provided an "express disavowal of any claim for unusual
emotional distress...."  Id. at 137.  That court also held that
such records could not be discovered on grounds that they were
relevant to the plaintiff's credibility because the need for
evidence relating to credibility could not be balanced against
the privilege protecting records of mental health treatment; as
the court said, "the psychotherapist-patient privilege is not

-3-

subject to such a balancing test." Id.  See also Santelli v. Electro-Motive, 188 F.R.D. 306. 309 (N.D. Ill. 1999), holding that a plaintiff may avoid a waiver of the privilege by making a binding representation that the claim for emotional injury would be "limited to compensation for humiliation, embarrassment, and other similar emotions...."

In his response, Mr. Mason has made a binding representation that his claim for emotional injury will not include any claim that he developed a specific, identifiable mental health condition, or that he received any treatment for such a condition (or for the emotional impact caused by the incident in question). Like the court in Sims, this Court accepts the premise that a plaintiff may limit or withdraw claims which may have been pleaded and thereby preserve a privilege which might otherwise have been waived if those claims were actively pursued. Accepting Mr. Mason's representation eliminates the dilemma which Wal-Mart identified in its motion of "facing a Plaintiff claiming severe emotional distress [at trial after] having been denied discovery on that point." Doc. 64, at 8.  Since Plaintiff effectively withdrew his claim for serious emotional distress at the same deposition where the waiver allegedly occurred, the Court does not construe his testimony, taken as a whole, as a waiver of the privilege.  Consequently, the motion to compel lacks a legal foundation and will be denied.

### III.  Order

For these reasons, the motion to compel (Doc. 64) is denied.

### IV.  Procedure on Motion for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the

order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

/s/ Terence P. Kemp
United States Magistrate Judge